# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **BORIS MUDD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No: 1:16 CV 221** |
| | ) | |
| **CITY OF FORT WAYNE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION and ORDER

Plaintiff Boris Mudd claims that he was involved in a traffic stop which led to his arrest. Plaintiff further alleges that he refused all field sobriety tests, and that defendant Karen Richards, an Indiana prosecutor, sought a warrant from defendant Fran Gull, an Indiana judge, for blood withdrawal. Plaintiff attests that Judge Gull signed the warrant but he refused withdrawal. According to plaintiff, Richards initiated contempt charges and plaintiff served several months in the Allen County Jail as a result. Plaintiff sued for violations of his constitutional rights under 42 U.S.C. § 1983, violations of the Indiana Constitution, and for damages based upon common law tort claims.

Judge Gull and Richards have moved to dismiss the claims against them on the basis of immunity (and other grounds, which the court need not discuss here) pursuant to Federal Rule of Civil Procedure 12(b)(6), which requires dismissal of any complaint which fails to state a claim upon which relief may be granted. (DE # 18.) Plaintiff responded, defendants replied, and the motion is ripe for ruling.

Judge Gull argues that she is protected by absolute immunity for the claims against her (specifically, the claim that she wrongfully signed a warrant). The Supreme Court has recognized that a judge acting in her judicial capacity is absolutely immune from suit. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Plaintiff argues that Judge Gull is not protected by absolute immunity because by signing the warrant, she was acting as a clerk, not as a judge. However, the Seventh Circuit has held that signing a warrant is a judicial act protected by absolute judicial immunity. *Walrath v. United States,* 35 F.3d 277, 282 (7th Cir. 1994). Accordingly, plaintiff's claims against Judge Gull are dismissed.

Similarly, Richards argues that she is entitled to absolute immunity for the claims against her. Specifically, plaintiff alleges that Richards sought a search warrant from Judge Gull and later initiated an indirect contempt charge against plaintiff when he failed to comply with the warrant. Both of these actions are protected by absolute judicial immunity under the law of this circuit. *Thomas v. City of Peoria,* 580 F.3d 633, 638–39 (7th Cir. 2009) (recognizing absolute immunity for prosecutor who filed for an arrest warrant); *Berg v. Cwiklinski,* 416 F.2d 929, 931 (7th Cir. 1969) (recognizing absolute immunity for prosecutor who recommended finding of contempt against defendant). Accordingly, plaintiff's claims against Richards are also dismissed.

For the reasons set forth above, the motion of defendants Gull and Richards to dismiss the claims against them is **GRANTED**. (DE # 18.)

**SO ORDERED.**

Date: March 6, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT