UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BORIS MUDD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:16 CV 221 |
| CITY OF FORT WAYNE, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

### I. BACKGROUND

This cause of action stems from the 2015 arrest of plaintiff Boris Mudd. The basic facts are undisputed. Defendant Jason Fuhrman, an officer with the Fort Wayne Police Department, executed a traffic stop of plaintiff's vehicle and arrested plaintiff for operating a vehicle while intoxicated. Plaintiff declined all field sobriety tests; a warrant was issued for a blood-draw to determine plaintiff's blood alcohol level, but plaintiff refused to comply with the warrant. Ultimately, plaintiff served 92 days in jail for contempt. (DE # 3.)

Plaintiff alleges that he was handled roughly during his initial arrest, and that the incident was riddled with illegality. He sued Fuhrman, the Fort Wayne Police Department, the City of Fort Wayne, and Sheriff David J. Gladieux, seeking damages and injunctive relief.[1] Plaintiff has raised various tort and state law constitutional claims

---

[1] Mudd also sued prosecutor Karen Richards and Judge Fran Gull, but these defendants were dismissed previously in this lawsuit on grounds of immunity. (DE # 37.)

against the defendants, and he also asserts that defendants violated 42 U.S.C. § 1983 by infringing upon his federal constitutional rights.

Sheriff Gladieux has moved for summary judgment on plaintiff's claims. (DE # 41.) Specifically, Sheriff Gladieux points out that plaintiff can prove no personal involvement of the Sheriff in the wrongs purportedly suffered by plaintiff, and that any official capacity claim against him requires proof of an impermissible policy or custom, in accordance with *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). (DE ## 41, 42, 51.)

The City of Fort Wayne, the Fort Wayne Police Department, and Jason Fuhrman ("the Fort Wayne defendants") have also moved for summary judgment. (DE # 48.) In the memorandum supporting their motion, they point to various legal and factual problems related to plaintiff's claims. Specifically, the Fort Wayne defendants argue that probable cause for an arrest existed, that no excessive force was employed, that plaintiff's claims for malicious prosecution and equal protection fail as a matter of law, that Fuhrman is entitled to qualified immunity for the Section 1983 claim and immunity under the Indiana Tort Claims Act for any state law torts, that the Fort Wayne Police Department is not a party that may be sued under Section 1983, that punitive damages may not be recovered by plaintiff, that Fuhrman did not commit battery, and that injunctive relief is not permissible. The Fort Wayne defendants also pointed out that plaintiff lacked any evidence supporting a policy or custom claim under *Monell.*

Plaintiff filed a *pro se* joint response to both motions for summary judgment. (DE # 50.) His response was brief and consisted of a recitation of some legal concepts related to *Monell.* Plaintiff did not explain what policy or custom defendants promolgated in this case, or how the policy or custom operated to deprive him of his rights.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986);

3

*Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

### III. DISCUSSION

As explained above, the Sheriff and the Fort Wayne defendants have filed motions for summary judgment. Defendants have satisfied their initial burden on summary judgment by pointing to serious factual and legal inadequacies in plaintiff's claims. In his joint response brief, plaintiff failed to address any of the defendants' arguments, other than their *Monell* claims. Accordingly, all non-*Monell* claims in this case are deemed abandoned. *Palmer v. Marion County,* 327 F.3d 588, 597-98 (7th Cir. 2003) (failure to address claim in response to summary judgment motion is deemed abandoned).

As for the *Monell* claims against both the Sheriff and the Fort Wayne defendants, plaintiff's response brief merely recited boilerplate law related to *Monell* and supervisory liability. At the summary judgment phase, a plaintiff faced with a defendant who points out a flaw in his case must set forth evidence supporting the existence of a question of fact warranting trial. *Hammel v. Eau Galle Cheese Factory,* 407

F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events"). Plaintiff has not put forth any evidence in support of the existence of any policy or custom created or promulgated by any defendant in this case. Accordingly, he has failed to demonstrate an issue of fact with respect to his *Monell* claim, and summary judgment in the defendants' favor is appropriate.

## IV. CONCLUSION

Defendants' motions for summary judgment (DE ## 41, 48) are **GRANTED.** Logically, plaintiff's own motion for judgment on the pleadings (DE # 40) must be **DENIED as moot.** The Clerk is directed to **ENTER FINAL JUDGMENT**, stating:

> "Judgment is entered in favor of defendants the City of Fort Wayne, the Fort Wayne Police Department, Jason Fuhrman, Sheriff David J. Gladieux, Karen Richards, and Fran Gull; and against plaintiff Boris Mudd, who shall take nothing by way of his complaint."

**SO ORDERED.**

Date: March 2, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT